**Deborah WARE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 91–3045 (CRR).**

United States District Court,
District of Columbia.

July 13, 1993.

Linda Borsky and Nicholas Gilman of the law firm of Gilman, Pangia & Balsamo, Washington, DC, together with J. Burkhardt Beale of the law firm of Boone, Beale, Carpenter & Cosby, Woodbridge, VA, for plaintiff.

Diane Sullivan, Asst. U.S. Atty., J. Ramsey Johnson, U.S. Atty., John D. Bates, Asst. U.S. Atty., together with Richard Ufford, Associate Legal Counsel for the U.S. Marshals Service, who appeared of counsel, for defendant.

### *MEMORANDUM OPINION*

CHARLES R. RICHEY, District Judge.

### I. INTRODUCTION

Before the Court is a negligence claim brought by the Plaintiff, Deborah Ware,

against the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), and the applicable law of the state of Maryland. The case arises out of an automobile collision that occurred at or about 12:30 p.m. on September 29, 1989, at the intersection of Landover Road, otherwise known as Route 202, and Kilmer Road, Prince George's County, Maryland. The accident occurred between cars operated by Ms. Ware and DeLong Harris, a Deputy United States Marshal, who was operating a government vehicle. At the time of this occurrence, the Plaintiff was a Probation Officer for the Superior Court for the District of Columbia, and had previously served in the United States Army, both in West Germany and in the United States. The accident occurred when the Plaintiff was 36 years old.

Trial was held in this case on July 6–8, 1993. The Court, after careful consideration of the submissions of the parties, the testimony of witnesses, the exhibits, the arguments of counsel, the applicable law, and the entire record herein, concludes that accident was caused by the Plaintiff's negligence, or alternatively, by the Plaintiff's contributory negligence. The Court shall therefore enter judgment for the Defendant. The following shall constitute the Court's Findings of Fact and Conclusions of Law, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

II. BECAUSE THE PLAINTIFF WAS NEGLIGENT OR CONTRIBUTORILY NEGLIGENT IN TURNING LEFT FROM THE RIGHT LANE OF LANDOVER ROAD AFTER SEEING OTHER CARS PROCEEDING ON HER LEFT, THE PLAINTIFF IS BARRED FROM RECOVERY UNDER MARYLAND LAW.

The parties agree on the legal standards applicable in this case. The FTCA permits a party to recover damages:

> for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). Thus, the Court must consider whether Deputy Harris was negligent and whether Ms. Ware was contributorily negligent under Maryland law with respect to the facts in this case.

█ The trial testimony indicated that, immediately prior to the accident, Ms. Ware was travelling eastbound on Route 202, as was Deputy Harris. It is undisputed that there is a ramp exit from the Baltimore–Washington Parkway to Route 202, or Landover Road, for traffic travelling thereon in an easterly direction. The distance between the ramp exit on Route 202 and Kilmer Road is 8/10 of a mile. The parties agree that Route 202 had been newly paved with asphalt prior to the collision between the Plaintiff's automobile and the government vehicle. The parties also agree there were cones located somewhere along Route 202, apparently to funnel eastbound traffic to the right side of Route 202.

█ Harris asserts that he exited the ramp onto Landover Road and proceeded to 6307 Landover Road in an attempt to serve a warrant. Afterwards, he proceeded eastbound on Landover in the second lane from the right. Moments before Harris reached the intersection of Landover Road and Kilmer Road, the Plaintiff's car, which was to the right of Harris' car, moved left into his lane and nicked the front bumper of his car. Harris, upon impact by the Plaintiff's car, then slammed on his brakes, which locked. Harris' car skidded on the new asphalt, sliding to the left between the traffic cones and into the center of the intersection where it again was hit by the Plaintiff's car. The cars then spun away from each other. The Defendant contends that, but for the Plaintiff's attempts to cut in front of Harris' car in an attempt to turn left, the collision would not have occurred. The Defendant contends that the Plaintiff was guilty of negligence in the first instance, and in any event, was guilty of contributory negligence, and such negligence or contributory negligence was the proximate cause of the accident and injury on the date in question. The law of Maryland is clear

that a Plaintiff cannot recover if her own negligence is a proximate cause of her injuries. *Harrison v. Bd. of Educ.*, 295 Md. 442, 456 A.2d 894 (1983).

The Plaintiff claims that Harris was negligent, or alternatively, that he had the last clear chance to avoid the collision. The Plaintiff argues that she was in the right lane of Landover Road until she got to the intersection of Kilmer Road. Then, upon a green light, she attempted to make a left turn onto Kilmer Road, a two-lane street. She claims that she looked but saw no cars coming in an eastbound direction in the lane or lanes to her left which would impair her ability to make a left turn. She also contends the collision occurred in the intersection and the impact only occurred there and not prior to reaching the intersection. The Plaintiff alleges that Harris must have cut between the cones and then proceeded easterly to the intersection at Kilmer Road. She contends that Harris violated a number of traffic regulations of the State of Maryland, including § 21–201, which requires drivers to obey the instructions of any traffic control device, § 21–309, which requires drivers to observe traffic control devices that prohibit changing lanes, and § 21–1114, which prohibits drivers from driving on newly repaired roadways not yet opened to the public.

In light of the factual dispute in the case, and as both parties concede, the Court is required to assess the credibility of the witnesses and the weight of the evidence on the issue of liability. The Court has determined that the Defendant's version of the incident is the more plausible. For example, on the first day of trial, the Plaintiff advised the Court that she *could not remember* how the accident happened and that she did not know how she managed the two to three hour drive to Newport News, Virginia, from the accident site. The Court notes that the Plaintiff called a lawyer the next day, who advised the Plaintiff to seek medical help.

The Plaintiff's lone other fact witness, Robert Blunt, was described by Harris as a "perjurer." Although the Court makes no such finding, it is curious to note that Blunt, a colleague from the Plaintiff's former office, did not stop at the scene of the accident, nor did he disclose that he was a witness to the police officer on the scene, although he allegedly recognized the Plaintiff at the time, and the fact that he served previously as a Metropolitan Police officer. Not until a few days after the accident did he come forward and offer support. Lastly, it is worthy of note that *neither* party was charged with a traffic offense by the Maryland police officer who came upon the scene shortly after the accident.

Alternatively, the Court finds that the Plaintiff was guilty of contributory negligence. Her own testimony indicated that she knew, prior to the time she attempted to make a left turn from the right lane of Landover Road, that cars were cutting through the cones to turn left. She had to know other cars were travelling eastbound in the same direction as the Plaintiff prior to the intersection. She nevertheless turned left on the green light and a few seconds later the occurrence happened. She failed to look and *see* as required by law. *See Southern Maryland Elec. Coop., Inc. v. Blanchard*, 239 Md. 481, 212 A.2d 301, 305 (1965). It also was negligent on her part and/or contributory negligence in that she knew or should have known that the turn was bound to cause the collision over which the Defendant had no control.

◼ Therefore, the Defendant has proved, alternatively, based upon the Plaintiff's own testimony, as well as the testimony of Robert Blunt, the Plaintiff's other fact witness, that the Plaintiff was guilty of contributory negligence. Finally, the Court notes that the Plaintiff's argument that Harris had the "last clear chance" to avoid the accident is inconsistent with the facts of this case. The last clear chance doctrine permits a Plaintiff who is contributorily negligent to recover *if,* after the Plaintiff is in a situation of helpless peril, the Defendant had a fresh opportunity of which he was aware to avoid injury to the Plaintiff and failed to do so. *Liscombe v. Potomac Edison Co.*, 303 Md. 619, 495 A.2d 838 (1985). In this case, all of the witnesses agree that the accident took place "in a flash." Harris had neither the time nor the opportunity to avoid the accident. Conse-

quently, the last clear chance doctrine does not apply in this case.

The Court notes with the deepest sympathy that the Plaintiff suffers from what apparently is a congenital problem related to sickle cell anemia which was diagnosed prior to the accident and had caused progressive degenerative arthritis in her left hip and limited her ability to move about as fully as an unimpaired person. The condition was diagnosed in 1980 while she was in military service and for which she now receives 50% disability pay in the approximate amount of $502 per month. As indicated above, the Plaintiff was a Probation Officer with the Superior Court for the District of Columbia at the time of the accident. After the accident and subsequent medical treatment, she returned to work on May 7, 1990, until she voluntarily retired on October 17, 1991, approximately 17 months later, due to her physical condition and because she felt that she should seek other work that was less physical and in which she could avoid positions of risk and danger such as her Probation Officer job which required dangerous contact with convicts. Her retirement was accepted, and she now receives approximately $1,143.00 per month in retirement benefits. She has also received both unemployment and workers compensation, all pertaining to her hip condition.

It is not disputed that, after her retirement, the Plaintiff sought at least sixteen opportunities for employment, as is shown by Plaintiff's Exhibit 23, and by her testimony in open court. She is to be commended for this effort; her failure to obtain a position may well be due to the depressed economic conditions in this part of the country, especially for people with a Master's Degree and training in her field, according to Plaintiff's witnesses Dr. Richard Lurito and Dr. Estelle Davis.

However, as indicated above, and based on the totality of the evidence, the Court finds that the Plaintiff's own negligence in the collision with the government vehicle before it got to the intersection was the cause in fact of the accident in question. Alternatively, the Court further finds that even if the Plaintiff's version of the accident is correct, the Defendant sustained its burden of proof with respect to its defense of contributory negligence, in that the Plaintiff, in her attempt to make a left turn from the right lane, breached her duty to look as well as her duty to see. The Plaintiff had to have known that cars travelling eastbound would have gone right through the green light at the intersection and collided with the Plaintiff's car, if the Plaintiff attempted a left turn.

The Court thanks the Plaintiff's counsel for the post-trial submission on the issue of collateral source income. In view of the foregoing, it is unnecessary for the Court to consider the question of damages that may have been, or were alleged to be the proximate result of Ms. Ware's auto accident.

## III. CONCLUSION

For the reasons expressed herein, the Court finds that the Plaintiff has failed to show that Deputy Harris acted negligently or that his alleged negligence was the proximate cause of the accident or the Plaintiff's injuries. Furthermore, the Court concludes that the Plaintiff was guilty of negligence or contributory negligence in turning left from a right-hand lane knowing that other cars were moving in the lanes to the left of the Plaintiff. Accordingly, Judgment must be entered for the Defendant. The Court shall enter an Order of even date herewith consistent with the foregoing Memorandum Opinion.

### *JUDGMENT*

Upon consideration of the claims of the parties at the July 6–8, 1993, bench trial of the above-captioned case, the record herein, and the applicable law, and for the reasons expressed in this Court's Memorandum Opinion of even date herewith, it is by the Court, this 12th day of July, 1993,

FURTHER ORDERED that Judgment in the above-entitled case shall be, and hereby is, entered for the DEFENDANT; and it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED from the dockets of the Court.